UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff(s), ) ) vs. ) ) GARY C. GERHARDT, ) ) Defendant(s). ) | Case No. 4:07CV270 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion to Intervene and for Temporary Stay of Discovery, filed April 10, 2007. (Doc. No. 12). The matter is fully briefed and ready for disposition.

On February 6, 2007, Plaintiff Securities and Exchange Commission ("SEC") filed its Complaint in this matter against Defendant Gary C. Gerhardt ("Gerhardt"). In its Complaint, the SEC alleges Gerhardt violated Sections 17(a), 10(b), 14(a), and 13(b)(5) of the Exchange Act, and further committed a series of corresponding violations of the Exchange Act Rules.

On March 15, 2007, a Federal Grand Jury in the Eastern District of Missouri returned a ten-count indictment, charging Gerhardt with conduct virtually identical to that charged by the SEC. The Government now moves to intervene in this action, either as of right under Fed.R.Civ.P. 24(a)(2), or permissively, under Rule 24(b)(2). The Government further seeks a stay of discovery, pending disposition of the criminal case.

**A. Motion To Intervene**

"In deciding a motion to intervene, the court first considers whether the government is entitled to intervene as of right." Securities and Exchange Com'n v. Mutuals.com, Inc., 2004 WL 1629929 at *1 (N.D. Tex. Jul. 20, 2004).

> Intervention as of right under Rule 24(a)(2) is appropriate if the applicant (1) files a timely application, (2) has an interest in the subject matter of the action, (3) demonstrates an impediment to protection of this interest arising from the pending action, and (4) shows inadequate protection of that interest by the existing parties to the action.

Id., citing Heaton v. Monogram Credit Card Bank of Ga., 297 F.3d 416, 422 (5th Cir. 2002).

Upon consideration, the Court finds the foregoing factors weigh in favor of granting the Government's Motion to Intervene. First, the Court finds the motion was timely filed; specifically, the Court notes that as stated above, the SEC filed the present lawsuit in February, 2007, the related criminal indictment was returned in March, 2007, and the Government moved to intervene in this action in April, 2007. "Therefore, this action has not been pending long enough so that the government's intervention will prejudice the parties." Mutuals.com, Inc., 2004 WL 1629929 at *1.

Second, the Court holds the Government clearly has an interest in the subject matter of the present action, "because it has a recognizable interest in preventing discovery in the civil case from being used to circumvent the more limited scope of discovery in the related criminal case." Mutuals.com, Inc., 2004 WL 1629929 at *1. Third, the Court finds allowing broad discovery in this civil matter may impair the Government's right to more limited discovery in the related criminal case. Id at *2 (citations omitted). Finally, as a party in this civil case, the SEC cannot adequately protect the interests of the Government, because it would be obligated to comply with discovery requests that were proper under the civil rules, regardless of whether they were proper under the more limited criminal discovery rules. Id. The Government's Motion to Intervene will therefore be granted. See

Securities and Exchange Com'n v. Mersky, 1994 WL 22305 at *1 (E.D. Pa. Jan. 25, 1994) ("Courts have almost universally permitted the United States to intervene in actions such as the present case.").

**B.      Motion To Stay**

As stated above, the Government has intervened in order to seek a stay of all discovery in this matter until the conclusion of the related criminal case. The SEC does not oppose the Government's request.

"The power of this Court to issue a stay of discovery cannot be questioned." Securities and Exchange Com'n v. Downe, 1993 WL 22126 at *12 (S.D.N.Y. Jan. 26, 1993) (citation omitted).

> Courts from other jurisdictions have outlined several factors that should be considered in determining whether "special circumstances" warrant a stay, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

Mutuals.com, Inc., 2004 WL 1629929 at *3 (citations omitted).

Upon consideration, the Court finds the majority of the relevant factors weigh in favor of granting the stay in this matter. For example, Gerhardt does not dispute the Government's assertion that the subject matter of the civil and criminal cases is virtually identical. Second, Gerhardt has been indicted, and, "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." Mutuals.com, Inc., 2004 WL 1629929 at *3 (internal quotations and citation omitted). Third, as stated above, the SEC has agreed to stay the civil proceedings, and so the interests of the Plaintiff weigh in favor of a stay. Id. Finally, the Court concludes granting a stay will not unduly interfere with the management of its docket, and the

interests of the public weigh in favor of a stay as well. Id. at *4 (internal quotations and citation omitted) ("[T]he public has an interest in ensuring the criminal discovery process is not subverted.").[1]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Intervene and for Temporary Stay of Discovery (Doc. No. 12) is **GRANTED**, and all proceedings in this civil action are **STAYED** pending the conclusion of the trial of the criminal case, Cause No. 4:07CR175 JCH.

Dated this 15th day of May, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] The Court has considered Gerhardt's interests in opposing the stay, and the alleged burden he would face should the stay be granted, and concludes they do not outweigh those factors favoring the stay.