UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff(s), ) ) v. ) ) GARY C. GERHARDT, ) ) Defendant(s). ) | Case No. 4:07CV270 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Consolidate the instant case with Cause Nos. 4:07CV1262 ERW and 4:07CV1406 SNL, filed August 17, 2007. (Doc. No. 25). Intervenor Michael F. Shanahan, Sr. has filed a response opposing the motion. (Doc. No. 28-1).

## BACKGROUND

On February 6, 2007, Plaintiff, the United States Securities and Exchange Commission ("SEC") brought its Complaint in this matter against Defendant Gary C. Gerhardt ("Gerhardt"), formerly the Chief Financial Officer of Engineered Support Systems, Inc. ("ESSI"). (Doc. No. 1-1 (the "Gerhardt action")). In its Complaint, the SEC alleges Gerhardt participated in a fraudulent stock option backdating scheme designed to enrich certain officers, directors, and employees of ESSI. (Id., ¶¶ 1-5). The SEC further maintains Gerhardt reviewed and approved or signed proxy statements and periodic reports filed with the SEC, which he knew, or was reckless in not knowing, contained materially false and misleading statements and omissions of material facts

concerning ESSI's stock option grants. (Id., ¶ 6). Based on Gerhardt's alleged wrongdoing, the SEC asserts the following claims: (1) violation of Section 17(a) of the Securities Act (Count I); (2) violation of Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder (Count II); (3) violation of Section 14(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder (Count III); (4) violation of Section 13(b)(5) of the Exchange Act, and Rule 13b2-1 promulgated thereunder (Count IV); (5) violations of Exchange Act Rule 13b2-2 (Count V); (6) violations of Exchange Act Rule 13a-14 (Count VI); (7) aiding and abetting ESSI's violations of Section 13(a) of the Exchange Act, and Exchange Act Rules 12b-20, 13a-1, and 13a-13 (Count VII); and (8) aiding and abetting ESSI's violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act (Count VIII). (Id., ¶¶ 43-68). In its prayer for relief, the SEC requests that this Court:

* Permanently enjoin Gerhardt from violating, or aiding and abetting the violation of, sections of the Securities Act, the Exchange Act, and the Exchange Act Rules;

* Order Gerhardt to disgorge all ill-gotten gains, compensation, and benefits obtained through the conduct described in the Complaint;

* Order Gerhardt to pay a civil money penalty; and

* Permanently bar Gerhardt from acting as an officer or director of any public company pursuant to Section 20(e) of the Securities Act, and Section 21(d)(2) of the Exchange Act.

(Id., PP. 20-21).

On March 15, 2007, a Federal Grand Jury in the Eastern District of Missouri returned an Indictment, charging Gerhardt with engaging in a fraudulent backdating scheme. (Cause No. 4:07CR175 JCH, Doc. No. 1-1). On April 10, 2007, the United States Government moved to intervene in the Gerhardt action. (Doc. No. 12). The

Government further requested that this Court temporarily stay discovery in the Gerhardt action, pending resolution of the related criminal case. (Id.). This Court granted the Government's motion on May 15, 2007. (Doc. No. 21).

On July 12, 2007, the SEC filed a separate Complaint against Michael F. Shanahan, Sr. ("Shanahan, Sr."), the former Chief Executive Officer of ESSI, and his son, Michael F. Shanahan, Jr. ("Shanahan, Jr."), a former member of ESSI's Board of Directors. (Cause No. 4:07CV1262 ERW, Doc. No. 1-1 (the "Shanahan action")). In this Complaint, the SEC alleges that Shanahan, Sr. and Shanahan, Jr. violated the federal securities laws, by directing a fraudulent stock option backdating scheme intended to grant unauthorized and undisclosed compensation to themselves and other officers, directors, and employees of ESSI. (Id., ¶ 1). In its prayer for relief, the SEC requests that Judge Webber:

* Permanently enjoin Shanahan, Sr., and Shanahan, Jr., from violating, or aiding and abetting the violation of, sections of the Securities Act, the Exchange Act, and the Exchange Act Rules;

* Order Shanahan, Sr., and Shanahan, Jr., to disgorge all ill-gotten gains, compensation, and benefits obtained through the conduct described in the Complaint;

* Order Shanahan, Sr., and Shanahan, Jr., to pay civil money penalties;

* Permanently bar Shanahan, Sr., and Shanahan, Jr., from acting as officers or directors of any public company pursuant to Section 20(e) of the Securities Act, and Section 21(d)(2) of the Exchange Act; and

* Order Shanahan, Sr., to repay bonuses or other incentive-based or equity-based compensation and profits realized from the sale of ESSI within twelve months of the filing of ESSI's 2002 Form 10-K.

(Id., PP. 22-23).[1]

On August 7, 2007, Daniel B. Nickell ("Nickell") initiated a private, shareholder derivative action against Shanahan, Sr., Shanahan, Jr., Gerhardt, and Steven J. Landmann ("Landmann"), the former Controller of ESSI[2] (collectively, the "ESSI Defendants"), also alleging illegal stock options backdating activity. (Cause No. 4:07CV1406 SNL, Doc. No. 1-1) (the "Nickell action")). In this action, however, Nickell also named nominal defendant DRS Technologies, Inc. ("DRS"), the corporate successor to ESSI, and eleven individual members of the DRS Board of Directors: Mark S. Newman, William F. Heitmann, C. Shelton James, Stuart F. Platt, Eric J. Rosen, Donald C. Fraser, Steven S. Honigman, Ira Albom, Charles G. Boyd, Mark N. Kaplan, and Dennis J. Reimer (collectively, the "DRS Defendants"). (Id., ¶¶ 17, 23-34). Nickel specifically alleges that the ESSI Defendants engaged in several types of wrongdoing with respect to the backdating of stock options at ESSI, and that the DRS Defendants covered up the ESSI Defendants' backdating activity, which was discovered during DRS's acquisition of ESSI, and failed to take any action to seek recovery from the ESSI Defendants for damages caused to DRS. (Id., ¶¶ 39-54, 72-87).

---

[1] On July 19, 2007, the Government filed a Superseding Indictment in the Gerhardt criminal case, adding Shanahan, Sr., and Shanahan, Jr., as Defendants. (4:07CR175 JCH, Doc. No. 51). On August 7, 2007, the Government moved to intervene, and for a temporary stay of discovery, in the Shanahan civil action. (4:07CV1262 ERW, Doc. No. 6). The motion to stay currently remains pending before Judge Webber.

[2] On February 6, 2007, the SEC filed a civil suit against Landmann. (Cause No. 4:07CV271 CAS, Doc. No. 1-1). Landmann consented to a final judgment that same day. (4:07CV271 CAS, Doc. No. 2). Furthermore, on March 16, 2007, Landmann entered a plea guilty to a criminal information in connection with his activities at ESSI. (Cause No. 4:07CR188 CDP, Doc. Nos. 1-3, 4).

Against the ESSI Defendants, Nickell asserts (1) breach of fiduciary duty (Count II), (2) unjust enrichment (Count III), (3) breach of fiduciary duties for insider selling and misappropriation of information (Count IV), (4) rescission (Count V), and (5) constructive trust (Count VI). (4:07CV1406 SNL, Doc. No. 1-1, ¶¶ 122-148). Nickell further alleges the following claims against the DRS Defendants: (1) breach of fiduciary duty (Count I); (2) abuse of control (Count VII); (3) gross mismanagement (Count VIII); and (4) waste of corporate assets (Count IX). (Id., ¶¶ 113-121, 149-163). Finally, a demand for an accounting of all backdated stock option grants is directed against all Defendants. (Id., ¶¶ 164-168).

In his prayer for relief, Nickell requests judgment as follows:

A.   Against all Defendants and in favor of the Company (DRS) for the amount of damages sustained by the Company as a result of the Defendants' breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment;

B.   Extraordinary equitable and/or injunctive relief as permitted by law, equity and state statutory provisions sued hereunder, including attaching, impounding or otherwise restricting the proceeds of the ESSI Defendants' trading activities or their other assets so as to assure that Plaintiff on behalf of DRS has an effective remedy;

C.   Directing an accounting of all undisclosed backdated stock options granted, directing that all the unexercised options be cancelled, ordering the financial gains obtained via the exercise of such stock options returned to the Company;

D.   Declaring that the ESSI Defendants' illicit stock options, and all proceeds derived from the exercise thereof, and any assets or other property acquired in connection therewith, are and have been held in constructive trust by the ESSI Defendants for the Company's benefit;

E.   Awarding to DRS restitution from the ESSI Defendants, and each of them, and ordering disgorgement of all profits, benefits and other compensation obtained by the defendants through the improper backdating of stock option grants as provided by Section 304 of Sarbanes-Oxley; and

F.  Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses;....

(4:07CV1406 SNL, Doc. No. 1-1, PP. 35-36).

## LEGAL STANDARD

As stated above, the SEC filed the instant Motion to Consolidate on August 17, 2007, requesting that the Court consolidate the instant case with Cause Nos. 4:07CV1262 ERW and 4:07CV1406 SNL. (Doc. No. 25). Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). In determining whether consolidation is appropriate, the district court has "sound discretion." Berman v. U.S. Dep't of Veterans Affairs, 2005 WL 3479642 at *1 (D. Neb. Dec. 19, 2005), citing EPA v. City of Green Forest, Arkansas, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The party moving for consolidation bears the burden, "to establish that consolidation would promote trial convenience and economy in administration." Criswell v. City of O'Fallon, MO, 2007 WL 2669114 at *1 (E.D. Mo. Sept. 6, 2007) (internal quotations and citation omitted). "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998) (citation omitted).

## DISCUSSION

### I. Plaintiff's Motion to Consolidate with Cause No. 4:07CV1262 ERW

Upon consideration, the Court finds that consolidation of the instant case with the

- 6 -

Shanahan action is proper, as common questions of law and fact predominate in the two causes of action. In the context of securities actions, consolidation is particularly appropriate when the complaints are, "based on the same public statements and reports,... and if the parties will not be prejudiced." Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (internal quotations and citation omitted).

Both the Gerhardt action and the Shanahan action center around allegations that Gerhardt, Shanahan, Sr., and Shanahan, Jr. violated sections of the Securities and Exchange Acts, and committed a series of corresponding violations of the Exchange Act Rules, by backdating stock options between 1997 and 2002, and by allowing unwarranted grants of options to non-employee directors. (See Doc. No. 1-1, ¶¶ 18-30; 4:07CV1262 ERW, Doc. No. 1-1, ¶¶ 21-36). The Complaints further charge the Defendants with issuing public statements and reports that misrepresented ESSI's financial standing. (See Doc. No. 1-1, ¶¶ 31-42; 4:07CV1262 ERW, Doc. No. 1-1, ¶¶ 37-51). These documents included ESSI's consolidated financial statements and proxy statements filed with the SEC from 1997 to 2003, and its Sarbanes-Oxley certifications for fiscal years 2002 though 2004. (Doc. No. 1-1, ¶¶ 31-38, 41-42; 4:07CV1262 ERW, Doc. No. 1-1, ¶¶ 37-51). Finally, the Court's review of the Complaints reveals both the claims and the requested relief to be virtually identical. (See Doc. No. 1-1, ¶¶ 43-68, PP. 20-21; 4:07CV1262 ERW, Doc. No. 1-1, ¶¶ 52-74, PP. 22-24). The Court thus finds consolidation, "would promote trial convenience and economy in administration," see Criswell, 2007 WL 2669114 at *1, and would not cause prejudice to Defendants. EEOC v. HBE Corp., 135 F.3d at 551. Plaintiff's Motion to Consolidate the instant case with the Shanahan action therefore will be granted.

**II.     Plaintiff's Motion to Consolidate with Cause No. 4:07CV1406 SNL**

Regarding the Nickell action, the Court finds that consolidation is improper on several grounds. First, the Nickell action names numerous additional defendants, namely the DRS Board of Directors.[3] See In re Datatec Systems, Inc. Securities Litig., 2006 WL 3095951 at *9 (D.N.J. Oct. 30, 2006) (denying consolidation on grounds that plaintiffs in one securities action "assert[ed] claims against a number of defendants that are not parties to the [second] action.").

Second, the Nickell action asserts several claims that have not been asserted in the instant case, including breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment.[4] See In re Datatec Systems, Inc. Securities Litig., 2006 WL 3095951 at *9 (refusing to consolidate two securities actions as only one action asserted, "breach of fiduciary duty, negligent misrepresentation, and fraudulent conveyance."). While the Court acknowledges some common questions of law and fact exist, the Nickell action primarily involves separate factual issues and legal questions, as it focuses on "the misconduct by DRS' board of directors in covering up the options backdating activity which they discovered during their acquisition of ESSI, and their wrongful failure to take any action to seek recovery from Shanahan [Sr.], Shanahan Jr., Gerhardt and Landmann of the damages caused to

---

[3] The presence of additional, non-ESSI Defendants is especially problematic here, as all discovery in the Gerhardt action has been stayed pending resolution of the related criminal case. Such a blanket prohibition on discovery may not be necessary with respect to the DRS Defendants.

[4] The Nickell matter nominally alleges no statutory causes of action, while the Gerhardt action is entirely dependent on the federal securities statutes.

DRS." (See 4:07CV1406 SNL, Doc. No. 11, P. 10). Nickell himself acknowledges such alleged misconduct is not relevant to the present action. (Id.). See also Furminator, Inc. v. Ontel Products Corp., 2006 WL 3827522 at *3 (E.D. Mo. Dec. 28, 2006) (denying consolidation of two infringement claims involving different devices, noting that "[i]t is not unusual for there to be numerous cases which share common questions of law or fact but which are not consolidated or assigned to the same judge in this district.").

Finally, the Court notes that the requested relief differs. Specifically, the present action seeks disgorgement, financial penalties, and an order permanently barring Gerhardt from serving as an officer or director of any public company. (Doc. No. 1-1, P. 20). In contrast, the Nickell action requests damages and relief from both the ESSI Defendants and the DRS Defendants, for the asserted common law claims.[5] (4:07CV1406 SNL, Doc. No. 1-1, PP. 35-36). See City of Green Forest, 921 F.2d at 1403 (denying consolidation of an EPA enforcement action with a citizens' action on grounds that the "citizens sought punitive damages, compensatory damages for personal injuries, and relief for many common law tort claims [which] . . . were not relevant to the EPA action."). See also Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978) (rejecting consolidation of tenants' civil rights action with two class actions on grounds that the actions sought substantially different relief, as the class actions requested only "a refund of the fees, whereas [the civil rights action] sought a refund of the fees, together with actual and punitive damages, and attorneys' fees."). In light of the foregoing differences between the two cases, the Court will deny Plaintiff SEC's Motion to Consolidate the

---

[5] It is unclear whether Nickell further seeks an award of punitive damages. (See, e.g., 4:07CV1406 SNL, Doc. No. 1-1, ¶¶ 120, 129).

instant case with the Nickell action.[6]

**CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's Motion to Consolidate the instant case with the Shanahan action, and deny the motion with respect to the Nickell action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Consolidate Cases (Doc. No. 25) is **GRANTED** in part, and this action is consolidated with Cause No. 4:07CV1262 ERW. All further submissions in either case shall be filed under this cause number only.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consolidate the present action with Cause No. 4:07CV1406 SNL is **DENIED**.

**IT IS FURTHER ORDERED** that Intervenor Michael F. Shanahan, Sr.'s Motion for Oral Argument on the SEC's Motion to Consolidate (Doc. No. 29) is **DENIED**.

Dated this 24th day of October, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[6] The SEC all but concedes this is the proper outcome, as it notes, "if Nickell's derivative claims were to become subsumed in the same lawsuit as the Commission's, and public and private plaintiffs had to coordinate differing legal theories, evidence, remedies and strategies, then confusion, waste and delay could [] result." (Doc. No. 30, PP. 7-8).